

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS/DMP
F. #2015R00998

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 5, 2015

By Federal Express and ECF

Deborah A. Colson, Esq.
Colson & Harris LLP
80 Broad Street, 19th Floor
New York, New York 10004

        Re:    United States v. Munther Omar Saleh
                Criminal Docket No. 15-393 (MKB)

Dear Ms. Colson:

        Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which is being produced pursuant to the Stipulation and Order entered by the Court on August 20, 2015. The government also requests reciprocal discovery from the defendant.

I.       The Government's Discovery

        A.       Statements of the Defendant

        The government encloses a compact disc, bearing Bates number MOS 000001, containing a recording of the defendant's June 13, 2015 post-arrest interview, which has previously been provided to the defendant. Attached is a draft transcript of that interview, bearing Bates numbers MOS 000002 – MOS 000568.

        B.       The Defendant's Criminal History

        The government is not currently aware of any prior criminal record of the defendant.

### C. Documents and Tangible Objects

On June 13, 2015, the government executed a search warrant on the defendant's residence, as well as a specified Lenovo laptop computer, Alcatel cellular telephone, and green Jeep Cherokee. Attached is a copy of the search warrant and supporting affidavit, bearing Bates numbers MOS 000569 – MOS 000589. The government encloses compact discs containing photographs taken during the execution of the search warrant on the defendant's residence (MOS 000590), photographs taken during the execution of the search warrant on the green Jeep Cherokee (MOS 000591), and an electronic image of the SD card from the defendant's Alcatel cellular telephone (MOS 000592). In addition, the government encloses an external hard drive (which you supplied), on which we have loaded electronic images of items seized from the defendant's residence. The hard drive, which is Bates numbered MOS 000593, contains the contents of an Acer laptop, a Lenovo laptop, a Toshiba laptop, an Azpen android notebook, an iPad, an iPad mini, a Mac mini, a Lexar thumbdrive, a Toshiba SD card, a Canon Powershot camera, an Alcatel cell phone, a Samsung Galaxy cell phone, and several loose CDs and DVDs.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

### D. Reports of Examinations and Tests

The government encloses a compact disc, bearing Bates number MOS 000594, containing a copy of the report of the defendant's Alcatel cellular phone.

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

### E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

### F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

KELLY T. CURRIE
Acting United States Attorney

By: /s/ Alexander A. Solomon
Alexander A. Solomon
Douglas M. Pravda
Assistant U.S. Attorneys
(718) 254-6074/6268

Enclosures

cc: Clerk of the Court (MKB) (by ECF) (without enclosures)