# ANTHONY L. RICCO

ATTORNEY AT LAW

20 VESEY STREET • SUITE 400
NEW YORK, NEW YORK 10007
—
TEL (212) 791-3919
FAX (212) 791-3940
tonyricco@aol.com

Steven Z. Legon
*Of Counsel*

February 14, 2017

**By E.C.F.**

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *United States v. Fareed Mumuni*, Docket. No. 15 Cr. 393 (MKB)

Dear Judge Brodie:

      Pursuant to Fed. R. Crim. P. 16, as well as *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, defense counsel requests that the court make a limited modification of a previously issued protective order, to permit the government to produce, or make available to defense counsel at the United States Attorney's Office, any and all of Fareed Mumuni's communications referred to in the government's Complaint dated June 17, 2015; or in the alternative, that the court review such communications *in camera*, to determine whether disclosure to defense counsel is appropriate at this time.[1] Specifically, defense counsel requests permission to view the following discovery material which was referenced in the Complaint:

> ". . . communications that Saleh had with Mumuni related to Saleh's effort to conduct a terrorist attack on behalf of ISIL. In particular, on or about June 2, 2015, Saleh and Mumuni discussed over Saleh's telephone the prospect of attacking law

---

[1] Defense counsel is not certain which protective order pertains to the requested discovery materials; however, counsel is aware from a review of the docket sheet, that the court previously granted a protective order dated June 8, 2016, which was based upon an *ex parte* classified letter filed under seal, which sought to withhold disclosure of certain unspecified discovery material under the Classified Information Procedures Act, 18 U.S.C. App'x III.

      In addition, since Fareed Mumuni's discussions with co-defendant Saleh were set forth in the publically filed Complaint, and were the subject of discussion at the time of Fareed Mumuni's plea, there appears to be no existing reason for the June 2, 2015 telephone communication to remain under seal and/or subject to a protective order of this court.

**Hon. Margo K. Brodie**
**February 14, 2017**
**Page 2**

> enforcement. Saleh instructed MUMUNI that the best option was to use a bomb and then to fight afterwards. After MUMUNI asked for more guidance, Saleh wrote to use a bomb and then to run over members of law enforcement with a vehicle, seize the weapons of any victim, and use the weapons to shoot at other victims. MUMUNI then wrote that he would further discuss the issue with Saleh when he arrved at work."

See Complaint dated June 17, 2015, Paragraph 16, pp. 6-7.

 Thank you for your Honor's consideration of this important matter. The information is being sought in response to statements made during the entry of Fareed Mumuni's guilty plea, and in anticipation of defense arguments to be advanced in Fareed Mumuni's sentencing submission and at time of sentence, relating to factors to be considered under 18 U.S.C. § 3553(a).

        Respectfully,

        *Anthony L. Ricco*
        Anthony L. Ricco

cc: A.U.S.A. Alexander A. Solomon
  (alexander.solomon@usdoj.gov)

cc: A.U.S.A. Douglas M. Pravda
  (douglas.pravda@usdoj.gov)

cc: A.U.S.A. Ian C. Richardson
  (ian.richardson@usdoj.gov)